STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-13-169
JON-YOR-11/5/2013

JANET HOWE and RAJESH )
MANDEKAR, )
 )
 Plaintiff, )
 )
 v. )        JUDGMENT
 )
MMG INSURANCE COMPANY, )
 )
 Defendants. )

I.    Background

Plaintiffs brought this action seeking a declaration by the court of Defendant's duty to defend Plaintiffs in an action brought against Plaintiff by River Knoll Condominium Association. The action brought by River Knoll Condominium Association against Plaintiff seeks injunctive relief for nuisance, nonpayment of assessment, negligence, violation of condominium rules, and violation of 7 M.R.S. 3953. The counts of nuisance, negligence, and violation of 7 M.R.S. 3953 arise at least in part from the alleged assaults by Plaintiff's dog.

Plaintiffs bought a Homeowner's Insurance policy with Defendant covering the period of time from March 5, 2013 through March 5, 2014. Plaintiffs sent notice of the suit brought by River Knoll and a request for Defendant to defend by letter on May 8, 2013. On June 6, 2013, Defendant wrote back claiming it did not have a duty to defend and did not intend to do so. Paintiffs responded on June 27, 2013 asserting a duty to defend and stating their intention to seek declaratory relief if Defendants did not defend. Plaintiffs filed a complaint on July 23, 2013. Plaintiffs now seek Judgment on the pleadings.

II.    Duty to Defend

1

In determining whether an insurer has a duty to defend the court compares the insurance policy to the claims in the underlying complaint. Mitchell v. Allstate Ins. Co., 2011 ME 133, ¶ 9, 36 A.3d 876. Where there are any possible set of facts that could be proved that would result in coverage, an insurer must defend. Id. at ¶ 10. Any ambiguity in the policy is construed against the insurer. Id. at ¶ 11.

Plaintiffs have moved for Judgment on the Pleadings on the basis that the policy includes coverage for claims brought against Plaintiffs for "damages because of 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies" (Coverage E, Section II, A.) The contract defines bodily injury as "bodily harm, sickness or disease including required care, loss of services and death that results." Property damage is defined as "physical injury to, destruction of, or loss of use of tangible property." Occurrence is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period in : ... 'bodily injury'; or 'property damage'." Once Defendant determines that the coverage applies, Defendant will "provide a defense at [its] expense by counsel of [its] choice, even if the suit is groundless, false or fraudulent."

Plaintiffs argue that the River Knoll Complaint seeks damages for bodily injury and property damage resulting from the dog and therefore Defendant has a duty to defend according to the contract. Plaintiffs cite to the counts of Injunctive Relief and Negligence. Defendant argues that the River Knoll Complaint seeks injunctive relief for damages relating to bodily injury caused by the dog in the form of removal of the dog from the condominium. Defendant argues that the contract covers only suits filed seeking money damages, not suits seeking injunctive relief. The contract specifically states that the duty to defend is triggered once claims

2

for "*damages* because of 'bodily injury' or 'property damage'" have been brought. Therefore, Defendant argues, Defendant does not have a duty to defend.

Count one of the River Knoll Complaint, alleging nuisance by the dog, seeks the relief of an order requiring Janet Howe and Rajesh Mandekar to permanently remove their dog from the premises and pay treble damages pursuant to 7 M.R.S. § 3952(6). The complaint does not specify the damage caused. Because 7 M.R.S. § 3952 does not provide for a private right of action, River Knoll Condominium Association is not able to seek damages under that section. Therefore, the claims concerning Plaintiffs' dog in count one are for only injunctive relief. Defendant does not have a duty to defend against claims for injunctive relief.

In count three of the River Knoll Complaint, River Knoll Condominium Association alleged negligence and seeks damages caused by the purportedly vicious dog. Owning a vicious dog may be evidence of negligence, however, it is not negligence per se. Castine Energy Const., Inc. v. T.T. Dunphy, Inc., 2004 ME 129, ¶ 10, 861 A.2d 671 ("violation of a safety statute or regulation is merely evidence of negligence, not negligence per se.") The River Knoll Condominium Association did not make any claims of bodily injury or property damage in the count of Negligence in the Complaint. Because the Complaint by River Knoll Condominium Association against Plaintiffs for negligence failed to claim damages for bodily injury or property damages, Defendant does not have a duty to defend.

III.     Conclusion

The court enters judgment for Defendant.

DATE:    11/5/13

_____
John O'Neil, Jr.
Justice Superior Court

3

ATTORNEY FOR PLAINTIFF;
PATRICK BEDARD
LAW OFFICE BEDARD & BOBROW
PO BOX 366
ELIOT ME  03903


ATTORNEY FOR DEFENDANT:
LANCE E WALKER
NORMAN HANSON & DETROY LLC
PO BOX 4600
PORTLAND ME 04112